# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT COURT OF PUERTO RICO

| | |
|---|---|
| MARYVEE COLÓN BERRÍOS<br><br>       Plaintiff<br><br>        vs<br><br>SAN FRANCISCO HEALTH SYSTEM, INC. d/b/a METRO PAVIA CLINIC CUPEY; ER SUNRISE LLC; DR. VANESSA ALVARADO GONZÁLEZ, her husband JOHN DOE and the CONJUGAL PARTNERSHIP constituted between them; SINDICATO DE ASEGURADORES PARA LA SUSCRIPCION CONJUNTA DE SEGUROS DE RESPONSABILIDAD MEDICO HOSPITALARIA (SIMED); TRIPLE S PROPIEDAD; PUERTO RICO MEDICAL DEFENSE INSURANCE COMPANY; ASPEN AMERICAN INSURANCE COMPANY; THE MEDICAL PROTECTIVE COMPANY (MEDPRO); CONTINENTAL INSURANCE COMPANY; CONTINENTAL CASUALTY COMPANY; XYZ INSURANCE COMPANIES; JOHN SMITH AND RICHARD SMITH; XYZ ENTITIES; XYZ COMPANIES<br><br>       Defendants | CIVIL NO.<br><br>SUBJECT:<br><br>MEDICAL MALPRACTICE, DAMAGES<br><br>PLAINTIFF REQUESTS JURY TRIAL |

## COMPLAINT

**TO THE HONORABLE COURT:**

    **COMES NOW**, plaintiff Maryvee Colón Berríos, through the undersigned attorneys, and respectfully SETS FORTH and PRAYS:

### JURISDICTION OF THE COURT

    1.    This is an action for medical malpractice and damages. The jurisdiction of this Honorable Court is predicated on the diversity of citizenship of the parties under the provisions of 28 U.S.C. §1332 insofar plaintiff is a citizen of the state of Florida, and the individual defendants SAN FRANCISCO HEALTH SYSTEM, INC. d/b/a METRO PAVIA CLINIC CUPEY; ER SUNRISE LLC; DR. VANESSA ALVARADO GONZÁLEZ, her husband JOHN

DOE and the CONJUGAL PARTNERSHIP constituted between them; SINDICATO DE ASEGURADORES PARA LA SUSCRIPCION CONJUNTA DE SEGUROS DE RESPONSABILIDAD MEDICO HOSPITALARIA (SIMED); TRIPLE S PROPIEDAD; PUERTO RICO MEDICAL DEFENSE INSURANCE COMPANY; ASPEN AMERICAN INSURANCE COMPANY; THE MEDICAL PROTECTIVE COMPANY (MEDPRO); CONTINENTAL INSURANCE COMPANY; CONTINENTAL CASUALTY COMPANY; XYZ INSURANCE COMPANIES; JOHN SMITH AND RICHARD SMITH; XYZ ENTITIES; XYZ COMPANIES are citizens of the Commonwealth of Puerto Rico, and/or states other than Florida, and/or corporations and/or other entities organized and existing under the laws of the Commonwealth of Puerto Rico, and/or states other than Florida, with their principal place of business in the Commonwealth of Puerto Rico, and/or states other than Florida.  Plaintiff therefore requests jury trial.

2. Venue is proper as the acts giving rise to this action occurred in the Commonwealth of Puerto Rico, and defendants do business in Puerto Rico.

### THE PARTIES

3. The allegations contained in paragraphs 1 through 2 of the Complaint are incorporated herein as if fully set forth at length herein.

4. Plaintiff Maryvee Colón Berríos is of legal age, single and resident of the state of Florida.

5. At all times material hereto, defendant San Francisco Health System, Inc. d/b/a Metro Pavia Clinic Cupey, (hereinafter "the Hospital") was, and still is, a medical institution duly organized and existing under the law of the Commonwealth of Puerto Rico, with principal offices in San Juan, Puerto Rico.

6. At all times material hereto, defendant ER Sunrise, LLC, (hereinafter "ER Sunrise") was and still is a corporation or entity duly organized and existing under the laws of

the Commonwealth of Puerto Rico who provided services in the Emergency Room of the Hospital, including, but not limited to, hiring and/or supervising the physicians, nurses and/or other personnel of said Emergency Room.

7. At all times material hereto, defendant Dr. Vanessa Alvarado González (hereinafter "Dr. Alvarado") was, and still is, a general medicine physician, duly authorized to practice medicine in the Commonwealth of Puerto Rico.

8. At all times material hereto, defendant Dr. Alvarado had and still has a conjugal partnership constituted with her husband John Doe, whose true identity is unknown at this time.

9. At all times material hereto, defendant Sindicato de Aseguradores para la Suscripción Conjunta de Seguros de Responsabilidad Médico Hospitalaria (SIMED) was and still is a company or entity engaged in the insurance business, who had issued one or more insurance policies to the defendants in this case providing coverage for facts such as the ones alleged in this Complaint, and which were in full force and effect.

10. At all times material hereto, defendant Triple S Propiedad was and still is a company or entity engaged in the insurance business, who had issued one or more insurance policies to the defendants in this case providing coverage for facts such as the ones alleged in this Complaint, and which were in full force and effect.

11. At all times material hereto, defendant Puerto Rico Medical Defense Insurance Company was and still is a company or entity engaged in the insurance business, who had issued one or more insurance policies to the defendants in this case providing coverage for facts such as the ones alleged in this Complaint, and which were in full force and effect.

12. At all times material hereto, defendant Aspen American Insurance Company was and still is a company or entity engaged in the insurance business, who had issued one or more

insurance policies to the defendants in this case providing coverage for facts such as the ones alleged in this Complaint, and which were in full force and effect.

13. At all times material hereto, defendant The Medical Protective Company (MedPro) was and still is a company or entity engaged in the insurance business, who had issued one or more insurance policies to the defendants in this case providing coverage for facts such as the ones alleged in this Complaint, and which were in full force and effect.

14. At all times material hereto, defendant Continental Insurance Company was and still is a company or entity engaged in the insurance business, who had issued one or more insurance policies to the defendants in this case providing coverage for facts such as the ones alleged in this Complaint, and which were in full force and effect.

15. At all times material hereto, defendant Continental Casualty Company was and still is a company or entity engaged in the insurance business, who had issued one or more insurance policies to the defendants in this case providing coverage for facts such as the ones alleged in this Complaint, and which were in full force and effect.

16. At all times material hereto, defendants XYZ Insurance Companies are one or more insurance companies or entities engaged in the insurance business, who had issued one or more insurance policies to some or all of the defendants in this case providing coverage for facts such as the ones alleged in this Complaint, whose true identities are unknown at this time.

17. John Smith and Richard Smith are the fictitious names of any and all persons who could be held liable to the plaintiff for the facts alleged in this Complaint, whose true identities are unknown at this time.

18. XYZ ENTITIES are the fictitious names used to designate all and each of the entities of any kind under which services were provided to the plaintiff by the defendant doctor, and that could be held liable to the plaintiffs for the facts alleged in this Complaint, whose true identities are unknown at this time.

19. XYZ COMPANIES are the fictitious names of any and all legal entities that may be responsible to the plaintiff for the facts alleged in this Complaint, whose true identities are unknown at this time.

20. SIMED, Triple S Propiedad, Puerto Rico Medical Defense Insurance Company, Aspen American Insurance Company, MedPro, Continental Insurance Company, Continental Casualty Company, and XYZ INSURANCE COMPANIES are directly and jointly liable to the plaintiff under the provisions of the Puerto Rico Insurance Code for the performance and satisfaction of the relief hereinafter sought.

21. The spouse and conjugal partnership of the physician sued are jointly liable to the plaintiff for the facts alleged in this Complaint, as they received benefits of the negligent acts and/or omissions of such defendant.

22. Upon information and belief, on or before April 9, 2024, the Hospital had been sued for medical malpractice.

23. Upon information and belief, on or before April 9, 2024, Dr. Alvarado had been sued for medical malpractice.

24. Upon information and belief, on or before July 16, 2019, the Hospital knew that Dr. Alvarado had been sued for medical malpractice.

## FACTS

25. The allegations contained in paragraphs 1 through 24 of the Complaint are incorporated herein as if fully set forth at length herein.

26. On April 9, 2024, at approximately 8:36 a.m., plaintiff Maryvee Colón Berríos (hereinafter "Maryvee"), who was 27 years old at that time, went to the Emergency Room of Metro Pavia Clinic Cupey (hereinafter "the Hospital"), due to severe abdominal pain, nausea, vomiting and weakness.

27. About an hour later, plaintiff Maryvee was evaluated by defendant Dr. Alvarado, who only ordered medications to the patient.

28. Dr. Alvarado did not order diagnostic tests for plaintiff Maryvee to determine the cause of her symptoms.

29. During her visit to the Hospital, no laboratories, blood tests, or imaging studies were ordered or performed on plaintiff Maryvee.

30. According to the medical record, the only note from Dr. Alvarado regarding her intervention with plaintiff Maryvee began at 9:47 a.m. and concluded several minutes later, around 9:52 a.m. In that note, Dr. Alvarado documented a plan to discharge the patient, an order that was given at 9:56 a.m. Her diagnosis was "viral symptom".

31. That same day, at 1:11 p.m., nursing staff at the Hospital processed the discharge order given by Dr. Alvarado in the morning.

32. At the time of discharge, plaintiff Maryvee was still experiencing symptoms and abdominal pain.

33. The following day, April 10, 2024, at around 6:16 a.m., plaintiff Maryvee went to the Emergency Room of San Francisco Hospital because she had not improved and was still experiencing severe abdominal pain, vomiting and nausea, among other symptoms.

34. Once there, the physician on duty ordered several medications, laboratory tests and a contrast enhanced abdominal-pelvic CT scan.

35. Due to the intense pain plaintiff Maryvee was experiencing, she was administered Demerol and morphine.

36. After obtaining the laboratory results and the abdominal-pelvic CT scan, plaintiff Maryvee was diagnosed with acute appendicitis. Consequently, she was admitted and underwent a laparoscopic appendectomy that same day with a diagnosis of "perforated appendicitis."

37. As a result of the defendants' failure to diagnose the appendicitis plaintiff Maryvee was suffering from, she experienced a perforated appendix, which caused her multiple damages, complications, and put her health and life at risk.

38. During her hospitalization at San Francisco Hospital, and as a consequence of the perforation, plaintiff Maryvee developed peritonitis and abscesses in the lower abdomen and pelvis (intra-abdominal abscesses), and she was transferred to Pavía Hospital in Caguas for a percutaneous drainage performed by an interventional radiologist.

39. Additionally, during her hospitalization, plaintiff Maryvee required a percutaneous drainage to be placed in her left buttock for several days. As a result of the placement of the percutaneous drainage, plaintiff Maryvee felt pain in the area and discomfort while walking, so she had to use crutches to be able to ambulate.

40. While hospitalized, plaintiff Maryvee also developed, among others, hypotension, which required consultations with the internal medicine service.

41. Plaintiff Maryvee continued with antibiotics and treatment for several days, ultimately being discharged on April 25, 2024.

42. After being discharged, plaintiff Maryvee was in recovery, experiencing pain and distress over everything that had happened.

### NEGLIGENCE

43. The allegations contained in paragraphs 1 through 42 of the Complaint are incorporated herein as if fully set forth at length herein.

44. The Hospital, ER Sunrise, and the unknown defendants incurred in negligence and medical malpractice due to the negligent and/or intentional acts and/or omissions of their employees, physicians, nursing staff, and/or agents during the treatment provided to plaintiff Maryvee at the Hospital. The Hospital, ER Sunrise, and the unknown defendants, through their

employees, physicians, nursing staff, and/or agents, failed to fulfill their duties by not safeguarding plaintiff Maryvee's health and safety, by not making a careful selection of the personnel working in that institution, by not maintaining a complete, unaltered, and accurate medical record, by not keeping the correct, necessary, and available equipment and medications to adequately care for the patient, by not appropriately and promptly addressing the patient's condition once it arose, by failing to meet their monitoring, attention, supervision, and care duties for the patient, by not maintaining the necessary protocols to ensure the patient's well-being and/or by not complying with established protocols, by failing to diagnose the condition the patient presented, by not conducting the necessary tests to address the patient's condition, and by not providing plaintiff Maryvee with appropriate medical care according to the prevailing standard of care, among other negligent and/or tortious acts and/or omissions.

45. The Hospital, ER Sunrise, and the unknown defendants also incurred negligence, among other reasons, by granting privileges and/or hiring the defendant doctor to practice at their institution, as well as by failing to require their staff to stay updated through professional development courses, by not keeping track of the work of that staff, by not intervening in an obvious act of malpractice, and by not staying informed about technological advancements necessary to appropriately address the patient's condition.

46. The medical and hospital staff that attended plaintiff Maryvee at the hospital were negligent and incurred in negligence and medical malpractice by failing to provide the patient with appropriate medical care as required by the prevailing standard of care.

47. The defendant Dr. Alvarado incurred negligence and medical malpractice, among other reasons, by not providing adequate medical care to the patient, by failing to properly identify the condition she presented, by neglecting her health and ignoring the symptoms that she was showing, by making an incorrect diagnosis, by not ordering and/or performing the necessary tests to corroborate the existence of such a condition, by not ordering radiographic studies of the

abdomen and pelvis for Maryvee, by not ordering laboratory tests or diagnostic exams, by not making any diagnosis and/or differential diagnosis, by not requesting a consultation from the surgery, internal medicine, or gastroenterology services, and by not taking the necessary measures or providing Maryvee with the required medical care and treatment to address her condition promptly and adequately.

48. All defendants incurred in negligent acts and/or omissions that fall under medical malpractice, which were committed individually and/or jointly by each of them, among these, not keeping a full, unaltered, and concise medical record, failing to provide adequate medical treatment and attention to the patient, and failing to give the patient the appropriate medical care according to the prevailing standard of care.

49. All defendants were negligent and incurred in medical malpractice when they failed to provide plaintiff Maryvee proper medical treatment according to generally accepted standards of the medical profession.

## DAMAGES

50. The allegations contained in paragraphs 1 through 49 of the Complaint are incorporated herein as if fully set forth at length herein.

51. As a result of the negligent and/or tortious acts and/or omissions committed by the defendants, plaintiff Maryvee suffered intense mental suffering, anguishes and physical damages. Among others, she suffered intense prolonged pain, developed a perforation in her appendix and peritonitis, had to undergo surgery and other procedures and treatments, had a prolonged hospitalization, had to be at rest for several weeks, and her life and health was at risk, among other damages. These damages are currently estimated at a sum of not less than FIVE HUNDRED DOLLARS ($500,000.00).

52. As a consequence of the negligent and/or tortious acts and/or omissions of the defendants, plaintiff Maryvee also suffered special damages, including but not limited to medical expenses, loss of income, and other special damages, including, but not limited to the purchase of crutches, medications and rent payments, that are currently estimated in an amount not less than THIRTY THOUSAND DOLLARS ($30,000.00).

53. The damages suffered by plaintiff were due, only and exclusively, to the negligence and medical malpractice of each and every one of the defendants, who failed to comply with medical treatment standards applicable to situations such as the one that occurred in this case, among other negligent and/or tortious acts and/or omissions, for which they are directly and jointly liable.

**WHEREFORE**, it is respectfully requested from the Honorable Court that judgment be entered in favor of plaintiff, and against the defendants, jointly and severally, in the amounts set forth in the Complaint, plus the costs of this action, a reasonable amount of attorney's fees, and such other relief as this Honorable Court deems proper.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, this 7th day of April, 2025.

*Alicia M. Santos Irizarry Law Office*
802 Ave. San Patricio
Urb. Las Lomas
San Juan, Puerto Rico 00921
Tel. 787-963-0548 / Fax 787-963-0549
Email: *asantos@amsi-law.com*

*S/Alicia M. Santos Irizarry*
Alicia M. Santos Irizarry
USDC No. 222106

**LUZ VANESSA RUIZ TORRES**
Urb. Apolo, 2081 C/Hércules
Guaynabo, P.R, 00969
Tel. (787)510-7700
Fax. (787)763-0848
Email: lcda.ruiztorres@yahoo.com

*S/ Luz Vanessa Ruiz Torres*
Luz Vanessa Ruiz Torres
USDC No. 215209